[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The plaintiff has appealed the assessment of damages by the Commissioner for the taking of a strip of land owned by the plaintiff and located on Route 1 in Branford.
The taking applies to two separate portions of the plaintiffs property, though the Commissioner has treated them as one. The plaintiff owns a separate structure on each parcel, one being used as an audio shop, the larger housing a restaurant. This latter use presents the major problems, since it is located close to Route 1. Thought it conformed to the town building and zoning codes prior to the taking, it has now been rendered nonconforming.
 DISCUSSION I.
The Commissioner appears to have minimized the impact of this taking in these significant areas.
He concedes that the major use, the restaurant, is now nonconforming but states that the town would, in all likelihood, permit its continued function as a permitted nonconforming parcel. This view is probably accurate but to obtain that status would require considerable time and CT Page 7533 expense. No such allowance has been made for that process, which the plaintiff claims would cost $6500. This represents a conservative estimate, in the court's view.
Should that route be followed, the plaintiff would then have a parcel of land with nonconforming status. This could be a factor should a change of usage be undertaken at some future date, though the present use would not be affected.
With this taking, the restaurant would be ten feet closer to heavily traveled Route 1. The state's response to this point was that there was no plan for the road as yet, and the ten feet taken would only be graded for the present. Since the taking was for highway purposes, one must assume the status quo will not be maintained for long. Nor did the state's employee voice an opinion as to how long things would remain as they are at present.
In brief, these factors do not appear to have been considered by the taking authority in determining the assessment of damages.
 II.
The plaintiff has also presented an effective argument on the valuation of the parcel in question per square foot. The plaintiffs appraiser computed that value at $10 per square foot, while the Commissioner's appraiser arrived at $7 per square foot.
However, the town of Branford has assessed the parcel at $12.90 per square foot on a 1990 revaluation.
One would expect some adjustment by the taker, particularly in light of changes in the real estate market and an examination of the only comparable used by both appraisers.
This parcel sold in November of 1998 at $12.37 per square foot and while one could argue the relative merits of it and the subject parcel, this taking occurred in July of 2001. An upward adjustment in favor of the plaintiffs parcel could well be appropriate, and the state's figure seems grossly inadequate in light of all these numbers.
 III.
The state's appraisal treats the two parcels owned by the plaintiff as one and has presented a simple appraisal. The plaintiff has treated them separately and its appraisals address the impact of the taking separately. On the audio site, damages are much less because of the CT Page 7534 location of the building. The landscaped restaurant site is affected in several ways, notably a loss of landscaping and the new proximity to Route 1.
The court finds this treatment of the subject parcels more reasonable, convincing and appropriate.
 CONCLUSION
It is the conclusion of the court that the assessment of damages should be $84,400.
The plaintiff is also awarded interest from the date of the taking on the portion of that award unpaid on this date.
The plaintiff is also awarded the cost of his appraiser, testified to as totaling $5,000.
 ___________________ Anthony V. DeMayo, J.T.R.